**IT IS ORDERED**

**Date Entered on Docket: October 26, 2022**



*The Honorable David T. Thuma*
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Craig Allen Hollandsworth,
Terri Eileen Hollandsworth

Case No. 22-10308-t7

Debtor(s).

### DEFAULT ORDER GRANTING U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1998-4 RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 1726 MOUNTAIN VIEW CIRCLE, BLOOMFIELD, NEW MEXICO 87413

This matter came before the Court on the Motion for Relief from Automatic Stay and Abandonment (Real Property) filed on September 29, 2022, Docket No. 56 (the "Motion") by U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-4 ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On September 29, 2022, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

> LOT TWO (2) OF THE MOUNTAIN VIEW MOBILE HOME ESTATES IN THE CITY OF BLOOMFIELD, SAN JUAN COUNTY, NEW MEXICO, ACCORDING TO THE PLAT THEREOF FILED FOR RECORD IN THE OFFICE OF THE SAN JUAN COUNTY CLERK ON SEPTEMBER 20, 1996,
>
> and all improvements, including, but not limited to, the manufactured home attached thereto and more particularly described as a 1997 SUMM/CREST Double Wide, VIN Number 22978334750AB,
>
> (the "Property").

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on October 24, 2022;

(f) As of October 25, 2022, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on October 25, 2022 Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center

("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant

may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /S/Electronically submitted/ October 25, 2022
Joshua T. Chappell
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

Gerald R. Velarde
The Law Office of Gerald R. Velarde
Attorney for Debtors
PO Box 11055
Albuquerque, NM  87192

Joseph Yar
Velarde and Yar
Attorney for Debtors
4004 Carlisle Blvd NE, Suite S
Albuquerque, NM  87107

Edward Alexander Mazel
Trustee
PO Box 21151
Albuquerque, NM  87154

Craig Allen Hollandsworth and Terri Eileen Hollandsworth
Debtors
PO Box 1075
Bloomfield, NM  87413